C. B. CROSBY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96401.   Promulgated June 18, 1940.

*W. L. Schnatterly, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

---

OPINION.

ARNOLD: Petitioner appeals from a deficiency in income tax for 1936 of $68. The deficiency resulted from respondent's adjustment of a credit for dependents claimed by petitioner in the amount of $800 and allowed by respondent in the amount of seven-twelfths of $400, or $233.33.

Petitioner alleges, however, that the taxes in controversy are $331.14, and charges that respondent has erroneously refused to allow him the benefit of the credits against net income provided for by section 163 of the Revenue Act of 1934.

The parties stipulated the facts, and we recite herein only that portion thereof deemed necessary to determine the issue presented.

The petitioner resides at Topeka, Kansas. His books and records are kept and his income tax returns are filed on the cash receipts and disbursements basis.

Petitioner's father, Erastus H. Crosby, died testate March 8, 1935.

It is stipulated that by the seventh paragraph of his will certain shares of stock of domestic corporations:

* * * were transferred and issued to the petitioner, subject to the conditions contained in paragraph seven and eight of the will, namely, that if the net income from the trust estate is insufficient to pay annual income payments totaling $11,800.00 to the testator's wife, sister and sister-in-law, then any such deficits shall be supplied from the income of the said stock issued to petitioner.

That no judicial interpretation of the seventh paragraph of the will has been sought but pursuant to convenience, all dividends from the said shares of stock * * * were paid to the trust estate and held by it until the close of its fiscal year when the distributive shares of its income were determined.

The E. H. Crosby trust estate filed a fiduciary return for the fiscal year beginning March 8, 1935, and ending February 29, 1936, which showed payment of $11,800 to the three beneficiaries aforementioned.

The income from the trust estate was insufficient to cover the income payments to the three beneficiaries in full and it was necessary to supply the deficit from dividends collected on the stocks transferred to petitioner under his father's will. After supplying the deficit there remained a balance in dividends from said stocks of $8,278.38, which was received by petitioner in the year 1936 and reported by him as taxable income in his income tax return for that year.

If petitioner is entitled under section 163 of the Revenue Act of 1934 to a dividend credit of $8,278.38 in computing his normal tax liability for 1936, it is stipulated that the correct overpayment is $263.14. If he is not so entitled, it is stipulated that the correct deficiency is $68.

The provisions of the testator's will bequeathing the corporate stocks in question to his son read in part as follows:

SEVENTH: I give and bequeath to my son Charles Bernard Crosby, should he survive me, the following shares of stock in the following corporations or in any successor of said corporations:

All of the stock of the Crosby Brothers Mercantile Company of which I may die seised except the shares of said stock bequeathed to Earle C. Williams and Cyrus L. E. Edwards by the Fifth and Sixth Paragraphs hereof;

All of the stock of The Central National Bank of Topeka, Kansas, of which I may die seised;

All of the stock of The Central Trust Company of Topeka, Kansas, of which I may die seised.

I direct that none of the stock above mentioned, that is to say, the stock of The Crosby Brothers Mercantile Company, the stock of the Central National Bank, or the stock of the Central Trust Company herein bequeathed to said Charles Bernard Crosby shall be sold, pledged or in any way alienated by said Charles Bernard Crosby so long as my said wife Helen D. Crosby shall be living. I further direct that the income from said stock and all of it shall be applied to the payment to the said Helen D. Crosby [wife], to Mrs. Susan Sample [sister], and to Minnie D. Horner [sister-in-law], of the income bequeathed to them by Sections (c), (d), and (e) of the Eighth Paragraph of this my will, so far as shall be necessary to make up the full income by said sections of said Paragraph provided to be paid to such persons; that is to say, in case the net income from the property in the hands of the Trustees shall be insufficient to pay said income to said Helen D. Crosby, Susan Sample and Minnie D. Horner, such insufficiency shall be made up from the income from said shares of stock, but not from the principal thereof.

I also give and bequeath to my said son Charles Bernard Crosby all of the shares of stock of The Crosby Brothers Realty Company of Shreveport, Louisiana, which I may own at the date of my death, except the stock bequeathed to Earle C. Williams by the Fifth Paragraph hereof.

I also give and bequeath to my said son all of the stock which I may own at the date of my death in The Pegues-Wright Dry Goods Company or in any successor corporation, not heretofore and in the Fifth and Sixth Paragraphs hereof bequeathed to Earle C. Williams and Cyrus L. E. Edwards.

Should my said son not survive me, then all of the property bequeathed to him in this paragraph of my will shall be and become a part of my residuary estate and shall be disposed of as provided in the Eighth Paragraph of this my will.

The decedent's residuary estate was given by paragraph eighth of his will to his son, his nephew, Earle C. Williams, and Cyrus L. E. Edwards, in trust, for the benefit of his wife, sister, and sister-in-law, for life, to the extent of $11,800 of the income, payable monthly to these beneficiaries for life, and any remaining income was to be paid to his son, petitioner herein. In case of petitioner's death, his wife, or his children, depending upon survivorship, were to receive all trust income in excess of the annuities provided for, and upon termi-

nation of the trust petitioner's child or children, or the issue thereof, were to receive any accumulated income and the trust corpus. Petitioner was given a power of appointment among his children or issue thereof as to the trust income and trust corpus.

Section 163 of the Revenue Act of 1934 specifies the credits that shall be allowed against the net income of a trust or estate and is set forth in the margin.[1] Petitioner seeks to invoke the provisions of section 163 (b) upon the theory that the dividends of $8,278.38 which he reported as income on his individual return constituted a part of the income of the trust and, therefore, he is entitled to the credit provided by section 163. This section is found in the 1934 Act, but was eliminated, in so far as dividends are concerned, from the 1936 Act. Petitioner invokes the 1934 Act because the trust estate had a fiscal year starting March 8, 1935.

Applying section 163 (b) to the stipulated facts herein, it is our opinion that petitioner's claim to the credit must be denied for two reasons, either of which would justify our conclusion. In the first place decedent bequeathed the stocks, the dividends from which are here involved, to petitioner. He did not include said stocks in the residuary estate. Decedent obviously intended thereby to exclude the dividends on these shares from liability under the annuity provisions of his will, unless the income from the residuary estate was insufficient to pay the annuities. If he had not so intended, the shares could have been thrown into the residuary estate, the income therefrom could have been subjected to the burden of paying the annuities, and still the son would have received approximately the same income under other provisions of testator's will. We think it is inescapable that decedent intended to provide for his son by the gift of these shares, just as he intended to provide for his wife, sister, and sister-in-law by the gifts of income. He desired, however, to insure the receipt of $11,800 per year by the annuitants and, therefore, he restricted his son's right to sell, pledge, or alienate the stocks during his wife's lifetime and charged the income therefrom with making good any deficit in trust income requisite for payment

---

[1] SEC. 163. CREDITS AGAINST NET INCOME.

(a) CREDITS OF ESTATE OR TRUST.—For the purpose of the normal tax and the surtax the estate or trust shall be allowed the same personal exemption as is allowed to a single person under section 25 (b) (1), and, if no part of the income of the estate or trust is included in computing the net income of any legatee, heir, or beneficiary, then in addition the same credits against net income for dividends and interest as are allowed by section 25 (a).

(b) CREDITS OF BENEFICIARY.—If any part of the income of an estate or trust is included in computing the net income of any legatee, heir, or beneficiary, such legatee, heir, or beneficiary shall, for the purpose of the normal tax, be allowed as credits against net income in addition to the credits allowed to him under section 25, his proportionate share of such amounts of dividends and interest specified in section 25 (a) as are, under this Supplement, required to be included in computing his net income. Any remaining portion of such amounts specified in section 25 (a) shall, for the purpose of the normal tax, be allowed as credits to the estate or trust.

of the annuities. It should be noted that the principal of the legacy to the son was expressly released from making good any deficit in trust income.

In the second place the parties have stipulated that said stocks were transferred and issued to petitioner subject to the conditions hereinabove mentioned, and that pursuant to convenience the dividends were paid to the trust estate and held by it until the close of its fiscal year. These stipulations can only mean that by his own affirmative action petitioner authorized the trust estate to collect and hold the dividends on his property until the end of the trust estate's fiscal year. Petitioner and his heirs were the ultimate recipients of testator's bounty, and as a trustee of the testamentary trust he was engaged in carrying out his father's wish to provide for the latter's widow, sister, and sister-in-law. It is not correct, therefore, to say, as petitioner does, that the income from these shares belonged to the trust and was distributed by the trust to petitioner. The dividends belonged first to petitioner, and were collected by the trust as a matter of convenience. The excess of the dividends over the trust deficit, $8,278.38 was not, therefore, distributed to petitioner by the trust as trust income, and, since there was no distribution to him of these dividends as a beneficiary of the trust, there is no occasion to apply section 163 of the 1934 Act, even if it is otherwise applicable to amounts received in 1936.

In view of the foregoing discussion, the respondent's determination that there is a deficiency of $68 is approved.

*Decision will be entered for the respondent.*